*Fairfield,* June, 1826.

Broome *v.* Beers.

——◦✦◦——

## PRINCE *against* SPERRY.

A person appointed by the captain-general, to hear and determine appeals under the 26th section of the militia act, having a personal trust, must be designated by name, and not by office.

In an appeal under the 26th section of the militia act, the appellant must state, that he had equipped himself for service in the corps into which he had enlisted, with arms, accoutrements and uniform; and that he had produced a certificate thereof, from the commanding officer of the company into which he had enlisted, to the commanding officer of the battalion company of which he had been a member, previous to the infliction of the fine complained of.

To support a decision on such appeal, in favour of the appellant, the facts necessary to warrant the interposition of the captain-general, must be found, and the person making the decision must appear to act under the special authority delegated to him.

Therefore, where the captain-general, by a general order, in *November*, 1819, appointed the judge-advocates respectively for the several counties to hear and determine all appeals under the 26th section of the militia act, naming the judge advocates then in office; in *February*, 1823, another person was appointed judge-advocate in *N. H.* county; and subsequently, on an appeal made to him, stating, among other things, that the appellant procured a certificate of his enlistment and equipment for service, and exhibited it to the captain imposing the fine, without averring that this was done previous to the infliction of

*New-Haven,*
July,
1826.

Prince
*v.*
Sperry.

the fine, such judge-advocate, without finding any facts, abated the fine, sign-
ing his decision as "judge-advocate;" it was held, that the general order, the
appeal and decision were void, and the appellant remained liable to the pay-
ment of the fine.

This was an action of trespass for false imprisonment, tried
under the general issue, with notice of special matter, at *New-
Haven, January* term, 1826, before *Bristol*, J.

The plaintiff was a member of, and liable to do duty in, the
7th company of the 22nd regiment of infantry in the militia of
this state : and the defendant was the commanding officer of
that company.   The plaintiff was fined for non-appearance to
do military duty therein, on the first *Mondays* of *May* and *Sep-
tember*, 1823, and the defendant, as captain, issued his warrants,
dated the 17th of *March*, 1824, for the collection of such fines,
amounting to 4 dollars each.   By virtue of these warrants, the
plaintiff, by direction of the defendant, was committed to the
gaol in *New-Haven* county.   To shew, that the commitment
was illegal, the plaintiff offered in evidence a written appeal,
made by him, to *James S. Huggins*, Esq. judge-advocate, and
his decision thereon.   The appeal stated, that on the 13th of
*February*, 1823, the appellant enlisted into the 12th company
of the first regiment of light artillery, in which he had ever since
been legally equipped, and had performed military duty accor-
ding to law ; that on his enlistment, he procured a certificate
of such enlistment and equipment for service in said company,
from *William Lum*, captain thereof, and exhibited it to the
defendant ; praying for an abatement of the fines.   Due notice
having been given to the defendant, the parties appeared, and
were heard on this appeal, on the 9th of *October*, 1823, before
said judge-advocate ; who thereupon abated the fines ; of which
the plaintiff had notice.   His decision was entered in these
words : "*New-Haven, October* 9th, 1823.   The parties in the
above appeal appeared, and were fully heard ; and, on consi-
deration, these two fines were abated.   *James S. Huggins*,
Judge-Advocate."

To shew the authority of the judge-advocate to act in this
case, the plaintiff offered in evidence an order issued by the
captain-general, dated the 16th of *November*, 1819, in these
words : "The judge advocates respectively for the several
counties are appointed and empowered to hear and determine
all such appeals as may by law be made to the captain-general,
or such person as he shall appoint, in pursuance of the 2nd sec-

tion of the act passed *May* session, 1819, entitled, &c.; and that in all cases the hearing shall be had, and the decision made, by the judge-advocate for that county in which the party appealing shall reside." Appended to the order was a list of the judge-advocates in the several counties; *Leonard E. Wales,* Esq. being named for *New-Haven* county. This order was sent to the adjutant-general, and put on file in his office, where it was a public document; but no formal publication of it had been made. *James S. Huggins,* Esq. was appointed judge-advocate, in *February,* 1823.

To the admission of the testimony, under these circumstances, the defendant objected; but the judge overruled the objection, and admitted it.

The defendant offered testimony to prove, that the plaintiff did not, until after the fines were imposed, produce to the defendant a certificate from the commanding officer of said artillery company, that he had completely equipped himself for service, with arms and accoutrements and uniform according to law; but that he produced such certificate long after the imposition of the fines. The plaintiff objected to the admission of this evidence; and the judge excluded it.

The defendant further claimed, and offered testimony to prove, that the plaintiff never claimed in writing to the commanding officer of the infantry company, previous to his appeal, that he belonged to the artillery company. The judge decided, that no such claim in writing, other than the written appeal, was necessary, and excluded all testimony to that point.

The plaintiff obtained a verdict; and the defendant moved for a new trial, on the ground that these decisions of the judge were erroneous.

*N. Smith* and *C. A. Ingersoll,* in support of the motion, contended, 1. That *Huggins,* the judge-advocate, had no power to act, not having been duly appointed for that purpose. *Stat.* 343. *tit.* 67. *s.* 26. First, the captain-general could not make an appointment of all judge-advocates that then were, or ever should be. The legislature have given the power of acting on this appeal to " the captain-general, or such person as the captain-general shall appoint." The trust is a *personal* one. If the captain-general chooses not to act himself, he is to appoint some "*person:*" he cannot delegate the trust to the incumbent of an office and his successors. Se-

condly, the captain-general did not appoint *Huggins*. He was not a judge-advocate when the order was issued; and the terms of the order extended only to those, who were then in commission. Why should the names of these individuals be inserted in the order, unless it was intended that they only should have the power? If the captain-general had the power to appoint the judge-advocate then in office *and his successors,* he has not done it.

2. That the appeal was void, as it contained no allegation, that the appellant had equipped himself for service in the artillery company, and had produced a certificate thereof to the defendant, previous to the infliction of the fines. *Stat.* 338. *tit.* 67. *s.* 14. Without these preliminary steps, the person appointed to hear the appeal, could have no jurisdiction.

3. That if the proceeding was not void, still the appellant was not entitled to an abatement of the fines, as no " *claim in writing*" was made by him to the defendant, that he belonged to the artillery company. *Stat.* 343. *tit.* 67. *s.* 26. This must be made before the appeal.

4. That the decision of *Huggins* was void, because it was not founded on any finding of facts. He could not abate the fines, without finding the facts stated in the appeal.

5. That the decision was not properly authenticated, being signed by *Huggins* as judge-advocate. In that capaicty, the law gave him no authority to act in this case. He ought to have shewn the special authority under which he acted.

*Sherman* and *J. L. Tomlinson*, contra, after remarking, that as the warrants were issued several months after the abatement of the fines, and after the defendant had notice of such abatement, he was clearly a trespasser, unless the appeal and the proceedings thereon were void, contended, 1. That the tribunal created for the hearing and determination of these appeals, derived its authority from *the law*, and not from the captain-general. *Stat.* 343. *tit.* 67. *s.* 26.

2. That the power of appointment given to the captain-general, might be exercised, by any designation of the person sufficiently intelligible and certain.

3. That a designation *by office*, was, in this case, both intelligible and certain. There is but one judge-advocate in a county, whose appointment is a matter of record. It may be as certainly known who the judge-advocate in a county is, as who

the captain-general in the state is. Had the legislature chosen to make the designation, and had they done it, by naming the captain-general; would not this be as certain, and in every point of view as correct, as though they had designated *Oliver Wolcott?* The case supposed actually exists. The legislature have appointed a person to bear appeals, (if he chooses to exercise the power) and they have appointed him, not by name, but by office. If the captain-general thinks proper to appoint a person for this purpose, may he not make the appointment in the same way?

4. That if *Wales*, the judge-advocate when the general order was issued, was duly appointed, *Huggins*, his successor, was. When the captain-general appointed *Huggins* judge-advocate, he of course appointed him to hear appeals under the general order. Is no captain-general authorized to act under the law, except the individual in office at the time the law was enacted?

5. That no other "claim in writing" is required, by the statute, than that which constitutes the appeal. If the claim be made in the appeal, it is sufficient.

6. That the testimony offered by the defendant, in relation both to the *certificate* and the *claim*, was properly rejected; because its object being only to shew, that the fines ought not to have been abated, it is an attempt to call in question the correctness of the decision abating the fines. This cannot be done, first, because the fines were abated, by a tribunal invested with exclusive and final jurisdiction; secondly, because the enquiry would render nugatory the provisions of the statute, and introduce conflicting decisions of the military and civil tribunals.

PETERS, J. In an action of trespass and false imprisonment, the defendant justified under two warrants, issued by him, as commandant of the 7th company in the 22nd regiment of infantry, against the plaintiff, for fines imposed for neglect of duty as a private in that company, on the first *Mondays* of *May* and *September*, 1723, which the plaintiff claimed to be void, 1st, because he had previously enlisted into the 12th company in the 1st regiment of light artillery, equipped and dressed himself according to law, and produced a certificate thereof from the commanding officer of the company to the defendant: 2ndly, That on appeal to the judge-advocate, the fines were abated.

By the 26th section of the statute, *tit.* Militia. *p.* 342. it is provided, that when the person fined claims *in writing* to belong

*New-Haven,*
July,
1826.

Prince
*v.*
Sperry.

*New-Haven,*
*July,*
*1826.*

*Prince*
*v.*
*Sperry.*

to a different corps from that to which the officer fining belongs, he may, within twenty days after notice, appeal to the captain-general, or such person as he shall appoint, who may abate such fine.

1. When the captain-general appoints a person to hear and determine appeals, he ought to designate such person by name, and not assign this duty to an officer; as the person appointed is to act as the special deputy of the captain-general, and not *ex officio.* The trust is *personal*; and may be of much greater responsibility than the duties of such office.

2. The general order making this appointment, is void: It is a mere *carte blanch*, and signed by nobody. It was issued long before the fines were imposed, and before *James S. Huggins* was made judge-advocate. It appoints another person, if any body, to hear and determine all appeals of this sort; and has no reference to his successor.

3. The appeal itself is void. By the 14th section of the same statute, it is provided, that no person belonging to a battalion company, shall, under colour of enlistment into any company of artillery, &c. be excused from doing duty in the battalion company, until he shall have completely equipped himself for service in the corps into which he enlists, with arms, accoutrements and uniform, according to law, and shall have produced a certificate thereof from the commanding officer of such artillery company, &c. to the commanding officer of such battalion company. But the appellant does not state, that he had equipped himself for service in said corps, with arms, accoutrements and uniform, and that he had produced a certificate thereof from the commanding officer of said artillery company to the commanding officer of said battallion company, *previous* to the imposition of said fines.

4. The judge-advocate finds no facts to warrant the interposition of the captain-general; nor does he profess to act on the apeal by appointment, but *ex officio.* As the appellant, to entitle himself to relief, was bound to allege and prove such facts as excused him from duty in the battalion company, to be adjudicated upon, by proper authority, which has not been done; I am of opinion, that the appeal and decision thereon, are both void; and that the court below erred, in admitting the testimony offered by the plaintiff, and rejecting the testimony offered by the defendant. I, therefore, advise a new trial.

The other Judges were of the same opinion, except DAG-GETT, J., who gave no opinion, having been of counsel in the cause.

New trial to be granted.